MIRANDA, APPELLANT, *v.* REGISTRAR OF SAN JUAN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Deed of Sale.

No. 458.—Decided April 29, 1920.

RECORD OF TITLE — PARTIES — COMPLAINT — CONJUGAL PARTNERSHIP PROPERTY — HEIRS—SURVIVING SPOUSE.—A deed of sale of property presumably belonging to the conjugal partnership executed by a marshal in execution of a judgment in an action against the unknown heirs of a married person who appears in the registry as the owner, in which action the widow was not made a defendant together with the other heirs, cannot be recorded. Although the surviving spouse is an heir-at-law, her personality is special and not the same as that of the other heirs, according to sections 23, 26 and 31 of the Law of Special Legal Proceedings; therefore she should have been specially summoned.

The facts are stated in the opinion.
*Mr. H. Torres Solá* for the appellant.
The respondent appeared by brief.

MR. JUSTICE DEL TORO delivered the opinion of the court.

On August 10, 1916, the Marshal of the Municipal Court of San Juan, P. R., sold to Ramón Miranda a house and lot situated in Santurce, P. R. In October the deed of sale was presented for record in the Registry of Property of San Juan, Section 1, accompanied by a certificate issued by the clerk of the same municipal court. The registrar, on

January 2, 1920, refused to record the deed "because José Encarnación Calderón acquired the lot in question while married, for which reason it must be presumed to be conjugal property, and his wife was not joined as a defendant; and because, the action being against unknown heirs and it being presumed that the obligations were contracted by the ancestor, it was not brought in the district court, the only court with jurisdiction of the subject matter, according to law and the opinion of the Supreme Court of Porto Rico, volume 21, page 503, and others applicable." From the registrar's decision Miranda took this appeal.

From the certificate accompanying the deed it appears that an action of debt was brought in the Municipal Court of San Juan, P. R., entitled *Sebastián Ortega, Plaintiff,* v. *Unknown Heirs of José Encarnación Calderón, Defendants,* and that at the foot of the complaint the plaintiff swore "to the facts alleged in the foregoing complaint as true, and particularly the allegation regarding the ignorance of the plaintiff as to who are the unknown persons who may be the heirs of the deceased José Encarnación Calderón." It says no more. It also appears that the defendants were summoned by publication and that the properties were sold at public auction to Miranda, the appellant.

We have examined carefully the questions raised by the registrar and in our judgment his refusal to record the deed is justified on the first ground of his decision. The case of *Muñoz* v. *Registrar of Humacao,* 26 P. R. R. 709, invoked against the decision of the registrar, is different. In that case the widow was sued and personally summoned, while in this case she was absolutely ignored. Although the widow is an heir-at-law of the deceased, according to section 795 of the Civil Code, her personality is special and not the same as that of the other heirs, as shown by sections 23, 26 and 31 of the Law of Special Legal Proceedings. The widow should have been summoned specially in the action.

Besides, it must not be overlooked that there were pre-

sented to the registrar with the deed the documents showing the summoning of the defendants by publication. The registrar did not expressly refer to them. Nor shall we, stating only that they speak for themselves as to whether or not the court acquired jurisdiction over the defendants.

As to the second ground of the decision, we think the appellant is right. The facts of the case show that our decisions in the cases of *Sánchez* v. *Registrar of Caguas,* 27 P. R. R. 703, and *Flores* v. *Registrar,* 19 P. R. R. 967, are applicable and not our decisions in the cases of *Ferraioli* v. *Registrar of Property,* 21 P. R. R. 477; *García* v. *Registrar of Guayama,* 23 P. R. R. 394, and *Agüeros* v. *Registrar of San Juan, ante,* p. 250.

In consideration of all the foregoing the decision appealed from must be affirmed on its first ground.

*Affirmed.*

Chief Justice Hernández and Justices Aldrey and Hutchison concurred.

Mr. Justice Wolf concurred in the judgment.